**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

THE JAMES MADISON PROJECT      *
1250 Connecticut Avenue, N.W.      *
Suite 200      *
Washington, D.C.  20036      *
     *
       and      *
     *
Brian J. Karem      *
22 West Jefferson Street      *
Suite 309      *
Rockville, MD 20855      *
     *
       Plaintiffs,      *      Civil Action No. 18-1091
     *
       v.      *
     *
DEPARTMENT OF DEFENSE      *
1000 Defense Pentagon      *
Washington, D.C. 20301-1000      *
     *
       Defendant.      *
     *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**COMPLAINT**

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552,

et seq., as amended, to seek expedited processing of requests for agency records

submitted by the plaintiffs The James Madison Project and Brian Karem to the defendant

Department of Defense (as well as its subordinate entities).

**JURISDICTION**

1.  This Court has both subject matter jurisdiction over this action and personal

jurisdiction over the defendant pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

**VENUE**

2.  Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

**PARTIES**

3.   Plaintiff The James Madison Project ("JMP") is a non-partisan organization established in 1998 to promote government accountability and the reduction of secrecy, as well as educating the public on issues relating to intelligence and national security.

4.   Plaintiff Brian Karem ("Karem") is an award-winning investigative reporter. He currently serves as the White House correspondent for Playboy Magazine, as well as the Executive Editor for Sentinel Newspapers.

5.   Defendant Department of Defense ("DoD") is an agency within the meaning of 5 U.S.C. § 552(f), and is in possession and/or control of the records requested by the plaintiffs that are the subject of this action. DoD controls – and consequently serves as the proper party defendant for litigation purposes for – the Defense Contract Management Agency ("DMCA") and the Defense Intelligence Agency ("DIA").

**COUNT ONE (DCMA) – EXPEDITED PROCESSING**

6.   On April 26, 2018, plaintiffs JMP and Karem (hereinafter referred to jointly as the "Requesters") submitted a FOIA request to DCMA. The request sought expedited processing.

7.   DCMA was required to issue a determination on the request for expedited processing "within 10 days after the date of the request." 5 U.S.C. § 552(a)(6)(E)(ii)(I). Thus, a response was due no later than May 6, 2018.

8.   To date, no substantive response has been received by the Requesters from DCMA regarding expedited processing. The Requesters have constructively exhausted all required administrative remedies for seeking expedited processing.

## COUNT TWO (DCMA) – EXPEDITED PROCESSING

9.   On April 26, 2018, the Requesters submitted a second, separate FOIA request to DCMA. The request sought expedited processing.

10. DCMA was required to issue a determination on the request for expedited processing "within 10 days after the date of the request." 5 U.S.C. § 552(a)(6)(E)(ii)(I). Thus, a response was due no later than May 6, 2018.

11. To date, no substantive response has been received by the Requesters from DCMA regarding expedited processing. The Requesters have constructively exhausted all required administrative remedies for seeking expedited processing.

## COUNT THREE (DCMA) – EXPEDITED PROCESSING

12. On April 26, 2018, the Requesters submitted a third, separate FOIA request to DCMA. The request sought expedited processing.

13. DCMA was required to issue a determination on the request for expedited processing "within 10 days after the date of the request." 5 U.S.C. § 552(a)(6)(E)(ii)(I). Thus, a response was due no later than May 6, 2018.

14. To date, no substantive response has been received by the Requesters from DCMA regarding expedited processing. The Requesters have constructively exhausted all required administrative remedies for seeking expedited processing.

## COUNT FOUR (DCMA) – EXPEDITED PROCESSING

15. On April 26, 2018, the Requesters submitted a fourth, separate FOIA request to DCMA. The request sought expedited processing.

16. DCMA was required to issue a determination on the request for expedited processing "within 10 days after the date of the request." 5 U.S.C. § 552(a)(6)(E)(ii)(I).

Thus, a response was due no later than May 6, 2018.

17. To date, no substantive response has been received by the Requesters from DCMA regarding expedited processing. The Requesters have constructively exhausted all required administrative remedies for seeking expedited processing.

## COUNT FIVE (DIA) – EXPEDITED PROCESSING

18. On April 26, 2018, the Requesters submitted a FOIA request to DIA. The request sought expedited processing.

19. DIA was required to issue a determination on the request for expedited processing "within 10 days after the date of the request." 5 U.S.C. § 552(a)(6)(E)(ii)(I). Thus, a response was due no later than May 6, 2018.

20. To date, no substantive response has been received by the Requesters from DIA regarding expedited processing. The Requesters have constructively exhausted all required administrative remedies for seeking expedited processing.

## COUNT SIX (DIA) – EXPEDITED PROCESSING

21. On April 26, 2018, the Requesters submitted a second, separate FOIA request to DIA. The request sought expedited processing.

22. DIA was required to issue a determination on the request for expedited processing "within 10 days after the date of the request." 5 U.S.C. § 552(a)(6)(E)(ii)(I). Thus, a response was due no later than May 6, 2018.

23. To date, no substantive response has been received by the Requesters from DIA regarding expedited processing. The Requesters have constructively exhausted all required administrative remedies for seeking expedited processing.

## COUNT SEVEN (DIA) – EXPEDITED PROCESSING

24. On April 26, 2018, the Requesters submitted a third, separate FOIA request to DIA. The request sought expedited processing.

25. DIA was required to issue a determination on the request for expedited processing "within 10 days after the date of the request." 5 U.S.C. § 552(a)(6)(E)(ii)(I). Thus, a response was due no later than May 6, 2018.

26. To date, no substantive response has been received by the Requesters from DIA regarding expedited processing. The Requesters have constructively exhausted all required administrative remedies for seeking expedited processing.

## COUNT EIGHT (DIA) – EXPEDITED PROCESSING

27. On April 26, 2018, the Requesters submitted a fourth, separate FOIA request to DIA. The request sought expedited processing.

28. DIA was required to issue a determination on the request for expedited processing "within 10 days after the date of the request." 5 U.S.C. § 552(a)(6)(E)(ii)(I). Thus, a response was due no later than May 6, 2018.

29. To date, no substantive response has been received by the Requesters from DIA regarding expedited processing. The Requesters have constructively exhausted all required administrative remedies for seeking expedited processing.

WHEREFORE, plaintiffs The James Madison Project and Brian Karem pray that this Court:

(1) Order the defendant Department of Defense to grant expedited processing to the plaintiffs;

(2) Award reasonable costs and attorney's fees as provided in 5 U.S.C. § 552(a)(4)(E)

and/or 28 U.S.C. § 2412(d);

(3) Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

(4) Grant such other relief as the Court may deem just and proper.

Date:   May 9, 2018

Respectfully submitted,

/s/

_____

Bradley P. Moss, Esq.
D.C. Bar #975905
Mark S. Zaid, Esq.
D.C. Bar #440532
Mark S. Zaid, P.C.
1250 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20036
(202) 454-2809
(202) 330-5610 fax
Brad@MarkZaid.com
Mark@MarkZaid.com

Attorneys for Plaintiffs